IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN JOHNSON,

      **Plaintiff,**

v.                                                  No. CIV-16-0011 LAM-GJF

**SIERRA COUNTY BOARD OF COUNTY COMMISSIONERS, doing business as SIERRA COUNTY DETENTION CENTER, CURTIS CHERRY, GLENN HAMILTON, and JOE BACA,**

      **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

**THIS MATTER** is before the Court on Plaintiff's *Second Amended Motion for Leave to File Third Amended Complaint (Doc. 80)*, filed February 8, 2017. On February 21, 2017, Defendants Sierra County Board of County Commissioners and Curtis Cherry filed their response to the motion [*Doc. 84*], and, on February 22, 2017, Defendants Glenn Hamilton and Joe Baca filed their response to the motion [*Doc. 87*]. On March 7, 2017, Plaintiff filed his reply to the motion. [*Doc. 91*]. The parties have consented to the undersigned conducting dispositive proceedings in this matter. [*Docs. 3, 8* and *29*]. Having considered the motion, responses, reply, record of the case, and relevant law, the Court concludes that the motion shall be **GRANTED**.

Plaintiff's claims arise from his incarceration at the Sierra County Detention Center ("SCDC"). *See* [*Doc. 62*] (Plaintiff's Second Amended Complaint). Plaintiff brings four counts in his complaint: (1) Violation of Procedural Due Process - Plaintiff claims that he was placed into segregation without a hearing and without periodic review of his placement (*id.* at 13-14); (2) Violation of Equal Protection and Free Speech - Plaintiff claims that he was placed and kept

in the segregation unit because he voiced complaints and concerns (*id.* at 14-15); (3) Violation of Substantive Due Process and Inhumane Conditions of Confinement - Plaintiff claims that Defendants created policies that threatened the safety of inmates, and failed to implement adequate mental health services, policies or training for inmates in segregation (*id.* at 15-17); and (4) Custom and Policy of Violating Constitutional Rights - Plaintiff claims that SCDC delegated the responsibilities of running SCDC to Defendants Cherry, Baca and Hamilton, and that Defendants Cherry, Baca and Hamilton created and implemented customs, practices, and policies that violated inmates' due process rights and created unsafe and constitutionally inadequate conditions at SCDC (*id.* at 17-19).

In his motion to file a third amended complaint, Plaintiff states that, on January 19, 2017,[1] Plaintiff deposed Defendant Baca who provided testimony to support Plaintiff's claims of liability against three additional defendants - "Undersheriff Paul Montoya, Sergeant Ruben Lucero, and Sergeant Vergil Eaton." *See* [*Doc. 80* at 1].[2] Plaintiff contends that Defendant Baca testified that:

> [H]e was too busy to oversee the SCDC[,] [and] [t]herefore, Defendant Baca delegated day[-]to[-]day operations of the SCDC to the above proposed defendants and also relied on them to ensure the SCDC was run properly, bring 'only emergencies' to Defendant Baca's attention, to give orders as they saw fit, and to this end gave them the role of jail administrator.

*Id.* at 1-2. Plaintiff argues that, "[b]y granting authority to the proposed defendants in this way[,] these proposed defendants became official policy makers as well." *Id.* at 2 (citations omitted).

---

[1] While Plaintiff states in his motion that Defendant Baca's deposition took place on January **19**, 2017 (*see Doc. 80* at 1), it appears that this deposition took place on January **18**, 2017 (*see Docs. 84-5* and *91-4*) (deposition transcripts).

[2] The Court notes that Plaintiff spells Sergeant Eaton's first name "Vergil," while Defendants spell it "Virgil." *Compare* [*Doc. 80-1* at 1 and 4] *with* [*Doc. 84* at 6].

Plaintiff also contends that Defendant Baca's delegation of authority to the proposed Defendants supports Plaintiff's claim that Defendant Baca was deliberately indifferent. *See id.* at 2-3.

In response, Defendants[3] state that they oppose "Plaintiff's Motion to the extent it seeks to add additional parties." [*Doc. 84* at 1]. Defendants contend that Plaintiff was aware of the existence of additional possible defendants prior to Defendant Baca's deposition. *See id.* at 5-7. Specifically, Defendants state that their October 17, 2016 answers to Plaintiff's interrogatories informed Plaintiff that classification decisions could be made by any shift supervisor and referred to two of the proposed Defendants. *See id.* at 6. Defendants, therefore, contend that Plaintiff's proposed Third Amended Complaint seeks to add parties that could have been added earlier in this case, and that Plaintiff fails to name other individuals with the same apparent authority. *Id.* at 6-7. Defendants also contend that they and the proposed Defendants will be prejudiced by the amendment because the proposed Defendants have not had a chance to participate in their own defense at six depositions that have already been taken, and that conducting these depositions a second time will incur additional time and expense. *See id.* at 7-8. Finally, Defendants contend that the proposed amended complaint is futile because it, in part, violates the applicable statute of limitations, and because Plaintiff fails to state a claim against the proposed Defendants. *See id.* at 8-11.

In reply, Plaintiff states that, while he did know that some of the proposed Defendants worked at SCDC and interacted with Plaintiff, "plaintiff did not have information necessary to add them as defendants until the deposition of defendant Baca on January 18, 2017." [*Doc. 91*

---

[3] Defendants Glenn Hamilton and Joe Baca state in their response to Plaintiff's motion that they "adopt and fully incorporate by reference the arguments made by Defendants Sierra County Board of County Commissioners and Curtis Cherry ('Sierra County Defendants')," and ask the Court to deny Plaintiff's motion "for the same reasons as those already stated by the Sierra County Defendants." [*Doc. 87* at 1]. Therefore, the Court will consider the arguments raised in *Document 84* as though they were brought by all Defendants.

at 2]. Plaintiff states that he learned at Defendant Baca's deposition that Defendant Baca "left proposed defendants Montoya, Eaton and Lucero in charge of the day-to-day operations of SCDC, making them the effective jail administrators." *Id.* at 3. Plaintiff states that "Defendant Baca also testified that he relied [on] the proposed defendants Montoya, Eaton, and Lucero to bring problems to his attention," and that, because the proposed defendants "did not use their discretion as acting jail administrators to stop the violation of plaintiff['s] constitutional rights or to bring the deplorable situation of [Plaintiff] or any others in segregation to defendant Baca's attention," Plaintiff was provided "a legal basis to prove [that] the proposed defendants were deliberately indifferent to what was happening to [Plaintiff]." *Id.* Plaintiff also contends that the proposed Defendants will not be unduly prejudiced, and notes that Defendants have recently asked for and been granted an extension of the discovery deadlines in this case, so discovery does not end until June 1, 2017. *Id.* at 4. Plaintiff further states that he will continue to make his witnesses available to both Defendants and the proposed Defendants. *See id.*

Finally, Plaintiff contends that his requested amendments are not futile. *See id.* at 5-9. Plaintiff states that the amended complaint would date back to the original complaint pursuant to Fed. R. Civ. P. 15(c) and that, regardless, the relevant dates in this case are August 16, 2013 to July 10, 2014, and Plaintiff "filed his proposed amended complaint based on defendants' conduct after defendant Cherry left the [SCDC] on February 17, 2014." *Id.* at 5. Therefore, Plaintiff contends that his motion to file a Third Amended Complaint was filed within the three-year statute of limitations. *Id.* Plaintiff also contends that Defendant Baca's delegation of authority to the proposed Defendants "included the ability to create policy/custom regarding the running of the segregation unit, because without a specific written policy on how the segregation unit of the

4

SCDC was to be run, whatever the jail administrators choose [sic] to do became the policy or custom of the SCDC." *Id.* at 7.

Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, that, in cases with a procedural posture like this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a motion to amend will be denied only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted). The decision of whether to allow amendment of the pleadings under Rule 15(a) is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Although "[l]ateness does not of itself justify the denial of the amendment[,] . . . protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* at 1205 (citations and internal quotation marks omitted). "[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206 (citation and internal quotation marks omitted).

Here, the Court finds no showing of undue delay, bad faith or dilatory motive on the part of Plaintiff. *See, e.g.*, [*Doc. 84* at 4, n.3] (Defendants' response stating that they do not contend that Plaintiff has engaged in undue delay or bad faith, or acted with a dilatory motive, but stating that "the number of amendments [to Plaintiff's complaint] is bringing about the effect of a moving target"). The Court finds that Plaintiff has made an adequate showing that he did not learn of the facts that gave rise to a legal basis to add the proposed Defendants until

Defendant Baca's deposition.  As explained by Plaintiff, even though he knew of these proposed Defendants and that they interacted with Plaintiff, he did not learn that Defendant Baca left them in charge of the day-to-day operations at SCDC to the extent that Plaintiff contends made them "effective jail administrators."  [*Doc. 91* at 3].  Defendant Baca's deposition testimony supports this finding, as he stated that he assigned proposed Defendant Montoya to "[b]asically [do] the jail administrator's job until the county could find somebody to run the facility" (*Doc. 91-8* at 1), that the proposed Defendants Lucero and Eaton were put in charge to run the day-to-day operation of the SCDC until a new Lieutenant was appointed (*Docs. 91-6* at 1 and *91-7* at 1), and that the acting jail administrators only reported to Defendant Baca on major incidents or dire emergencies (*Docs. 91-8* at 1, *91-12* at 2, *91-13* at 1, and *91-14* at 1).  While Defendants point to interrogatory answers that they contend provided Plaintiff with this information as early as October 17, 2016 (*see Doc. 84* at 6), these answers do not provide Plaintiff with notice that Defendant Baca had possibly delegated his authority as jail administrator to these proposed Defendants since they were merely listed as supervisors who were overseeing the segregation unit (*see Doc. 84-2* at 2-4).  The Court, therefore, finds that Plaintiff has adequately shown that he moved to amend his complaint in a timely manner.

The Court also finds that neither the current Defendants nor the proposed Defendants will be unduly prejudiced by allowing Plaintiff to further amend his complaint.  While the parties have already begun discovery and have taken six depositions, the Court recently granted the parties' request to extend the deadlines for Defendants' expert disclosures by thirty (30) days, and the discovery deadline by sixty (60) days.  *See* [*Doc. 86*].  To the extent these proposed Defendants will require additional discovery or depositions, the parties have sufficient time within the current deadlines to complete that.

Finally, the Court finds that Plaintiff's proposed amended complaint is not futile.  A court will deny a motion to amend on the basis of futility only where it is "patently obvious that the plaintiff could not prevail on the facts alleged."  *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010).  While Defendants contend that the proposed amended complaint "would be barred, in part, because the applicable statute of limitations has run on any claims against these [proposed] Defendants under 42 U.S.C. § 1983" (*Doc. 84* at 8), Plaintiff contends that his amended complaint would relate back to the original complaint under Rule 15(c) and, regardless, the proposed amended complaint is based on Defendants' conduct after February 17, 2014, which is within three-years of when Plaintiff filed his motion to file his third amended complaint (*Doc. 91* at 5).  The Court finds that Plaintiff has provided a sufficient basis for a finding that the statute of limitations has not run on at least some of Plaintiff's claims as to the proposed Defendants and, therefore, it is not "patently obvious" that Plaintiff's proposed amended complaint is time-barred.

Defendants also contend that Plaintiff's proposed amended complaint fails to make specific allegations against any of the proposed Defendants, and that Defendant Baca's testimony does not support a finding that he delegated authority to the proposed Defendants to change or implement policy. [*Doc. 84* at 9-11].  The Court disagrees.  Defendant Baca testified that he assigned proposed Defendant Montoya to "[b]asically [do] the jail administrator's job until the county could find somebody to run the facility" (*Doc. 91-8* at 1), that the proposed Defendants Lucero and Eaton were put in charge to run the day-to-day operation of the SCDC until a new Lieutenant was appointed (*Docs. 91-6* at 1 and *91-7* at 1), and that the acting jail administrators only reported to Defendant Baca on major incidents or dire emergencies (*Docs. 91-8* at 1, *91-12* at 2, *91-13* at 1, and *91-14* at 1).  Plaintiff's proposed amended complaint

7

alleges that the proposed Defendants were appointed by Defendant Baca to carry out the daily operations at SCDC (*see Doc. 80-1* at 3-4), and that the proposed Defendants "are therefore final policy makers and responsible authority for the hiring, training and supervision of SCDC employees," and their "policies therefore became the customs, practices and policies of the County" (*Doc. 80-1* at 20).  As explained by Plaintiff, "Defendant Baca's delegation included the ability to create policy/custom regarding the running of the segregation unit, because without a specific written policy on how the segregation unit of the SCDC was to be run, whatever the jail administrators choose [sic] to do became the policy or custom of the SCDC."  [*Doc. 91* at 7].  The Court finds that Plaintiff's proposed amended complaint includes sufficient allegations against the proposed Defendants, and that Plaintiff has provided a sufficient basis for his allegation that Defendant Baca delegated his jail administrator authority to the proposed Defendants to change or implement policy.  Therefore, the Court finds that it is not patently obvious that Plaintiff could not prevail on the facts alleged, and, therefore, Plaintiff's proposed Third Amended Complaint is not futile.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's *Second Amended Motion for Leave to File Third Amended Complaint (Doc. 80)* is **GRANTED** and that, **within three (3) business days**, Plaintiff shall file his Third Amended Complaint as a separate document in this case.

**IT IS SO ORDERED.**

*(signature)*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**